# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE A. HARVEY,<br><br>                         Plaintiff,<br>  vs.<br><br>THE CITY OF SAN DIEGO, et. al.,<br><br>                        Defendants. | CASE NO. 09-CV-0740 DMS (RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO PARTIALLY DISMISS**<br><br>[Docket No. 26] |

On August 17, 2009, this Court entered an order granting in part and denying in part Defendants' motion to dismiss Plaintiff's original complaint, and granting Plaintiff leave to file a First Amended Complaint. Plaintiff filed his First Amended Complaint on August 27, 2009. Defendants now move for partial dismissal of the First Amended Complaint. Plaintiff filed an opposition to the motion, and Defendants filed a reply. For the reasons discussed below, the Court grants in part and denies in part Defendants' motion.

**I.**

**BACKGROUND**

Plaintiff Dwayne A. Harvey, an African-American man, began his employment with the City of San Diego over twenty years ago. Plaintiff works as a Public Work Supervisor in the City's Environmental Services Department. He alleges that at various times during his employment, he was subjected to differential and discriminatory treatment due to his race. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and received a

1  Notification of Right to Sue on January 29, 2009.  Plaintiff now sues the City and three of his
2  supervisors, alleging violations of Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

## II.

## DISCUSSION

Defendants argue Plaintiff's First Amended Complaint does not comply with the Court's previous order on individual capacity claims and punitive damages, and those portions that are noncompliant should be dismissed.  Defendants also assert that Plaintiff's § 1983 claim should be dismissed because Plaintiff has failed to identify the constitutional right at issue, and the claim is based on respondeat superior liability.  Plaintiff concedes that some portions of his First Amended Complaint are inconsistent with the Court's order, and he requests leave to amend his Complaint to bring it into compliance.  He disputes that his § 1983 claim should be dismissed.

**A.    Standard of Review**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions.  *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).  In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth."  *Id.* at 1951.  It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief."  *Id.* at 1951.

**B.    The Court's Previous Order**

Before turning to whether Plaintiff has stated a plausible claim for relief under § 1983, the Court addresses Defendants' argument that the First Amended Complaint does not comply with the

1 Court's previous Order.  In the previous Order, the Court dismissed with prejudice Plaintiff's Title
2 VII claims against the individual Defendants in their individual capacities.  The Court also dismissed
3 with prejudice Plaintiff's request for punitive damages against the individual Defendants in their
4 official capacities.  Defendants argue the First Amended Complaint does not reflect these rulings.
5 Plaintiff agrees that the First Amended Complaint does not accurately reflect the Court's ruling on
6 punitive damages, but disagrees about the individual capacity claims.

7 Plaintiff asserts that his first and second claims for discrimination and harassment,
8 respectively, accurately reflect that Plaintiff is suing the individual Defendants in their official
9 capacity only.  This is consistent with the Court's previous Order.  However, the Court notes that
10 Plaintiff's first claim is against the City only.  There is no claim for discrimination against the
11 individual Defendants.  To the extent Plaintiff contests that in his opposition brief, it is not contained
12 in his First Amended Complaint.

13 Plaintiff also argues he is suing the individual Defendants in their official and individual
14 capacities for retaliation, and that is not inconsistent with the Court's previous Order because that
15 claim is not based on Title VII, but Section 704(a) of the Civil Rights Act of 1964, as amended.  As
16 Defendants point out, however, Section 704(a) of the Civil Rights Act of 1964, as amended, is Title
17 VII.  As currently pleaded, therefore, Plaintiff's retaliation claim does not conform to the Court's
18 previous Order.  Consistent therewith, this claim may be brought against the individual Defendants
19 in their official capacities only.

20 **C.    Section 1983 Claim**

21 Turning to Plaintiff's § 1983 claim, Defendants argue Plaintiff has failed to identify the
22 specific constitutional right at issue, and Plaintiff improperly seeks to holds Defendants liable under
23 a respondeat superior theory.  Plaintiff responds that he does not intend to pursue a respondeat
24 superior theory against Defendants.  Therefore, the only issue is whether Plaintiff has sufficiently
25 identified the constitutional right at issue.

26 Plaintiff relies on § 1983 as one of the legal bases for his harassment claim.  This claim clearly
27 alleges that Plaintiff was the victim of harassment at work based on his race, but it does not specify
28 the constitutional right at issue.  Although a claim of racial harassment implicates the equal protection

clause of the Fourteenth Amendment, the First Amended Complaint does not make that clear. Accordingly, the Court grants Defendants' motion to dismiss this claim, but with leave to file a Second Amended Complaint.

### III.

### CONCLUSION

In light of the above, Defendants' motion to dismiss is granted in part and denied in part. Specifically, the Court grants the motion to dismiss Plaintiff's Title VII retaliation claim against the individual Defendants in their official capacities. The Court also grants Defendants' motion to dismiss Plaintiff's racial harassment claim under § 1983 for failure to identify the specific constitutional right at issue. The motion is denied in all other respects.

Because this is the first time the Court has considered Plaintiff's § 1983 claim, Plaintiff is granted leave to file a Second Amended Complaint that cures the pleading deficiencies set out above. Plaintiff shall file his Second Amended Complaint on or before **November 20, 2009**. If Plaintiff's Second Amended Complaint fails to address the pleading deficiencies outlined above, it will be dismissed with prejudice and without any further leave to amend. Furthermore, to the extent any portion of the Second Amended Complaint is inconsistent with this Order, it will be stricken.

With this ruling, the parties shall attend an Early Neutral Evaluation Conference with Judge Brooks on **December 10, 2009**, at **2:00 p.m.**, at which time a trial date will be set. Judge Brooks will be issuing a separate order outlining the practices and procedures for ENE conferences in his chambers.

**IT IS SO ORDERED.**

**DATED:  November 9, 2009**

**HON. DANA M. SABRAW**
**United States District Judge**