# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE A. HARVEY,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>THE CITY OF SAN DIEGO, *et al.*,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 09cv0740 DMS (RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**[Docket No. 53]** |

This matter comes before the Court on Defendants' motion for summary judgment. Plaintiff has filed an opposition to the motion, and Defendants have filed a reply. For the reasons discussed below, the Court grants in part and denies in part Defendants' motion.

## I.
## BACKGROUND

Plaintiff Dwayne Harvey has been employed by the City of San Diego since February 13, 1987. Plaintiff was initially hired as a grounds maintenance II worker. In 1993, he was promoted to a utility supervisor position in the City's water department, and in 2001 he was promoted to public works supervisor in that same department.

In July 2004, Defendant Roger Wammack became Plaintiff's immediate supervisor. Defendant Kip Sturdevan was Wammack's immediate supervisor, and Defendant Elmer Heap was in Plaintiff's supervisory chain of command. On October 14, 2004, Defendant Wammack gave Plaintiff

a poor performance report. (*See* Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 8.) Plaintiff appealed that report, after which the report was revised. (*See* Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Exs. 9-10.) Plaintiff thereafter appealed the revised report, which appeal was denied on August 19, 2005. (*See* Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 11.)

On October 3, 2005, Plaintiff received a written reprimand from Defendant Sturdevan for an e-mail Plaintiff sent to Defendant Wammack. (*See* Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 12.) Plaintiff appealed the reprimand, which appeal was denied on July 31, 2006. (Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 13.)

On November 16, 2005, Plaintiff received another poor performance report from Defendant Wammack. (Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 14.) Plaintiff appealed that report, which appeal was denied. (Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 15.)

On November 28, 2005, Plaintiff received a written reprimand from Defendant Wammack for using a City vehicle to visit his private residence. (Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 18.) Plaintiff appealed that reprimand, which appeal was denied on January 6, 2006. (Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 19.)

On December 22, 2005, Plaintiff received a written performance feedback from Defendant Wammack. (Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 20.) That same day, Plaintiff filed an Employee Grievance Form related to Defendant Wammack's written feedback. (Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 21.)

Over the next eighteen months, Plaintiff had several additional disputes with Defendant Wammack regarding his job performance. (*See* Decl. of Roger Wammack in Supp. of Mot. ("Wammack Decl.") ¶¶ 7-11.) The last dispute concerned a camera that was found in Plaintiff's office. The facts surrounding the camera are disputed, but it appears one of Plaintiff's co-workers gave Plaintiff a fake camera as a gag gift. The camera was installed in Plaintiff's office, and Defendant Wammack asked Plaintiff to remove it. (*Id.* ¶¶ 12-15.) Plaintiff refused to remove it, so

1  Defendant Wammack removed the camera.  (*Id.* ¶¶ 16-17.)  Defendant Wammack later returned the
2  camera to
3  / / /
4  Plaintiff with the admonition that Plaintiff was not to reinstall it in his office, but Plaintiff reinstalled
5  the camera anyway.  (*Id.* ¶17-19.)

6       As a result of the dispute over the camera, Plaintiff was suspended without pay pending an
7  investigation into the dispute.  (Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 25.)
8  Approximately one week later, Plaintiff was provided advance notice of his termination.  (Defs.'
9  Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 27.)  Plaintiff was thereafter terminated on
10 July 19, 2007.  (Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 28.)

11      Plaintiff appealed his termination to the Civil Service Commission of the City of San Diego.
12 (Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 31.)  After a full hearing, the
13 Commission found that Plaintiff's termination was unwarranted, but ordered that Plaintiff be demoted
14 to a non-supervisory position.

15      On July 24, 2007, Plaintiff filed a charge of discrimination with the Equal Employment
16 Opportunity Commission ("EEOC").  (Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot.,
17 Ex. 40.)  That EEOC charge alleged the City had discriminated against Plaintiff based on his race
18 (African American) and for purposes of retaliation.  (*Id.*)  The EEOC issued Plaintiff a right-to-sue
19 notice on January 22, 2009.  (Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 42.)

20      Plaintiff filed the present case on April 10, 2009.  His Second Amended Complaint includes
21 claims against the City, Defendant Wammack, Defendant Sturdevan and Defendant Heap for
22 discrimination under Title VII and 42 U.S.C. § 1981, harassment under Title VII and 42 U.S.C. §§
23 1981 and 1983, and retaliation under Title VII.

## II.

## DISCUSSION

26      Defendants move for summary judgment on all of Plaintiff's claims.  They raise several
27 arguments in support of their motion.  First, Defendants argue Plaintiff's section 1981 and 1983 claims
28 are barred by res judicata and collateral estoppel.  Second, Defendants assert the Court lacks subject

matter jurisdiction over Plaintiff's Title VII claims because Plaintiff failed to exhaust those claims and failed to identify all of the Defendants in his EEOC charge. On the merits, Defendants contend they are entitled to summary judgment on Plaintiff's discrimination claim for failure of Plaintiff to demonstrate that he was "similarly situated" to other employees that received more favorable treatment from Defendants. Finally, Defendants argue they are entitled to summary judgment on Plaintiff's retaliation claim due to Plaintiff's failure to produce evidence of causation or pretext.

**A.     Summary Judgment**

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©). The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The burden then shifts to the opposing party to show that summary judgment is not appropriate. *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id. See also Butler v. San Diego District Attorney's Office*, 370 F.3d 956, 958 (9th Cir. 2004) (stating if defendant produces enough evidence to require plaintiff to go beyond pleadings, plaintiff must counter by producing evidence of his own). More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**B.     Res Judicata/Collateral Estoppel**

Defendants' first argument in support of their motion for summary judgment is that Plaintiff's §§ 1981 and 1983 claims are barred by res judicata and collateral estoppel. In support of this

1 argument, Defendants rely on *Miller v. County of Santa Cruz*, 39 F.3d 1030 (9th Cir. 1994). In that case, the plaintiff was terminated from his job with the Santa Cruz County Sheriff's Department. *Id.* at 1032. The plaintiff contested his termination before the Santa Cruz County Civil Service Commission, which sustained his dismissal. *Id.* The plaintiff thereafter filed a complaint in federal court alleging a § 1983 claim. *Id.* The defendants moved for summary judgment on the grounds of res judicata and collateral estoppel based on the Civil Service Commission's decision. The trial court granted the motion, and the Ninth Circuit affirmed.

The Ninth Circuit began its analysis by setting out the rule that requires federal courts "to give preclusive effect, at a minimum, to the factfinding of state administrative tribunals." *Id.* It then went on to state that rule has been extended to "'to state administrative adjudications of legal as well as factual issues, even if unreviewed, so long as the state proceeding satisfies the requirements of fairness outlined in [*United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966)].'" *Id.* at 1032-33 (quoting *Guild Wineries and Distilleries v. Whitehall Co.*, 853 F.2d 755, 758 (9th Cir. 1988)). Those fairness requirements are "(1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate." *Id.* at 1033 (citing *Utah Construction*, 384 U.S. at 422).

Defendants here assert the Civil Service Commission's decision in Plaintiff's case satisfies each of the fairness requirements, and thus Plaintiff's §§ 1981 and 1983 claims are barred by both res judicata and collateral estoppel. Plaintiff argues his §§ 1981 and 1983 claims involve issues that were not raised in the proceedings before the Commission, thereby suggesting that he did not have an opportunity to litigate those issues. Whether the issues were raised, however, is not dispositive. Rather, the issue is whether Plaintiff had an "adequate opportunity" to litigate those issues, and he does not dispute that he did. As in *Swartzendruber v. City of San Diego*, 3 Cal. App. 4th 896 (1992), Plaintiff's failure here "to 'interpose before the Commission any defense to the charge of insubordination, including defenses that the City's actions violated [his] civil rights,'" *Miller*, 39 F.3d at 1034 (quoting *Swartzendruber*, 3 Cal. App. 4th at 909), is fatal to his §§ 1981 and 1983 claims.[1]

---

[1] Plaintiff also argues he was denied an adequate opportunity to litigate because he was not informed of his right to appeal the Commission's decision. However, Plaintiff fails to provide any evidentiary or legal support for this argument. Accordingly, the Court rejects it.

1  ///

2  ///

3  ///

4  Accordingly, Defendants are entitled to summary judgment on these claims on the grounds they are
5  barred by res judicata and collateral estoppel.[2]

**C.    Title VII**

Turning to Plaintiff's Title VII claims, Defendants raise several arguments in support of their request for summary judgment on these claims. First, they argue the claims are unexhausted to the extent they rely on allegations outside Plaintiff's EEOC charge. Second, Defendants assert Plaintiff failed to identify all of the named Defendants in the EEOC charge. Defendants also contend Plaintiff has failed to produce evidence to support his discrimination and retaliation claims.[3]

1.   <u>Exhaustion</u>

Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing Title VII claims in federal court. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing *EEOC v. Farmers Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)). To satisfy the exhaustion requirement, a plaintiff must file "a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *Id.* (citing 42 U.S.C. § 2000e-5(b)).

Here, Plaintiff filed a charge with the EEOC on July 24, 2007. (*See* Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 40.) In that charge, Plaintiff stated he was being discriminated against based on race and for purposes of retaliation. (*Id.*) In the box provided for listing the dates of discrimination, Plaintiff stated the discrimination began on May 29, 2007, and continued through July 20, 2007. (*Id.*) Based on that information, Defendants argue Plaintiff's Title VII claims should be confined to those dates. However, in the more detailed description of his charge,

---

[2] In light of this finding, the Court does not address Defendants' argument that Plaintiff has failed to produce evidence of intentional discrimination on the part of Defendants Heap and Sturdevan.

[3] Defendants also argue that to the extent Plaintiff's claims are based on allegations in either of his Department of Fair Employment and Housing ("DFEH") charges, those claims are time-barred. In his opposition to the motion, Plaintiff disclaimed any reliance on the DFEH charges as the basis for the present case. Accordingly, the Court declines to address Defendants' timeliness argument.

1  Plaintiff listed May 29, 2005, as the date of his suspension, and July 20, 2007, as the date of his
2  termination. (*Id.*) The Court construes this discrepancy in Plaintiff's favor, *see B.K.B.*, 276 F.3d at
3  1100 (stating courts must liberally construe language of EEOC charges), and thus rejects Defendants'
4  / / /
5  argument that Plaintiff's claims must be confined to events occurring between May 29, 2007, and July
6  20, 2007.

7  Defendants also argue the Court lacks jurisdiction over Plaintiff's harassment claim because
8  that claim was not included in the EEOC charge. There is no dispute that the EEOC charge does not
9  include an explicit allegation of harassment. (Mem. of P. & A. in Supp. of Opp'n to Mot. at 12.)
10 Nevertheless, Plaintiff argues his harassment claim could reasonably have been expected to grow out
11 of the allegations of discrimination and retaliation that were included in the EEOC charge, and thus
12 he has satisfied the exhaustion requirement for his harassment claim.

13 Plaintiff is correct that "[s]ubject matter jurisdiction extends over all allegations of
14 discrimination that either 'fell within the scope of the EEOC's *actual* investigation or an EEOC
15 investigation which *can reasonably be expected* to grow out of the charge of discrimination.'" *B.K.B.*,
16 276 F.3d at 1100 (quoting *Farmers*, 31 F.3d at 899). Plaintiff asserts his harassment claim falls into
17 the latter category, but he fails to provide any evidence to support this assertion. He also fails to
18 explain how an investigation into his harassment claim could reasonably have been expected to grow
19 out of the allegations in his EEOC charge. As Plaintiff admits, there are no explicit allegations of
20 harassment in the EEOC charge. (*See* Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex.
21 40.) Rather, the EEOC charge is limited to claims of discrimination based on race and retaliation, and
22 the "particulars" of the charge are focused on his suspension and termination. (*Id.*) Although
23 "[h]arassment based on membership in a protected class is one form of employment discrimination[,]"
24 *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 463 (1st Cir. 1996), the type of harassment alleged by
25 Plaintiff in this case, namely a hostile work environment based on race, is "readily distinguishable"
26 from the type of conduct at issue in the EEOC charge, specifically, Plaintiff's suspension and
27 termination allegedly based on race and retaliation. *See id.* Under these circumstances, Plaintiff's
28 harassment claim could not reasonably have been expected to grow out of the discrimination and

1  retaliation allegations included in the EEOC charge. Accordingly, Plaintiff has not satisfied the
2  exhaustion requirement for his harassment claim. Absent exhaustion, the Court lacks subject matter
3  jurisdiction over that claim, and it must be dismissed.
4  / / /

### 2.  Failure to Identify All Defendants

As to Plaintiff's remaining claims for discrimination and retaliation, Defendants argue those claims should be dismissed as against the individual Defendants because they were not named in the EEOC charge. The general rule is "that Title VII claimants may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding." *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990). However, "'Title VII charges can be brought against persons not named in an E.E.O.C. complaint as long as they were involved in the acts giving rise to the E.E.O.C. claims.'" *Id.* at 1458-59 (quoting *Wrighten v. Metropolitan Hosp.*, 726 F.2d 1346, 1352 (9th Cir. 1984)). "Further, where the EEOC or defendants themselves 'should have anticipated' that the claimant would name those defendants in a Title VII suit, the court has jurisdiction over those defendants even through they were not named in the EEOC charge." *Id.* at 1459 (quoting *Chung v. Pomona Valley Community Hosp.*, 667 F.2d 788, 792 (9th Cir. 1982)).

Here, Plaintiff named the City of San Diego in his EEOC charge. (*See* Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 40.) He also identified Defendants Sturdevan and Heap by name in the "particulars" of the charge. (*Id.*) Identifying these individuals by name is sufficient to allow Plaintiff's claims to proceed against these individual Defendants.

The only individual Defendant not identified in the EEOC charge is Defendant Wammack. However, Defendant Wammack was Plaintiff's immediate supervisor during the times at issue in this case. As such, he should have anticipated that he would have been named as a defendant in this case. Thus, Plaintiff's claims may also proceed against Defendant Wammack. *See Ortez v. Washington County*, 88 F.3d 804, 808 (9th Cir. 1996) (allowing claims to proceed against individual defendants even though EEOC charge named only Washington County).

### 3.  Discrimination Claim

In light of the above discussion, Plaintiff has two claims remaining: One for discrimination based on race, and the other for retaliation, both grounded in Title VII.

> To establish a *prima facie* case under Title VII, a plaintiff must offer proof: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff.

*Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). Defendants concede Plaintiff can satisfy the first three elements of this test. However, they argue Plaintiff has failed to produce any evidence to satisfy the fourth element, namely, that Plaintiff was similarly situated to other employees that received more favorable treatment.

The Ninth Circuit has stated "that 'individuals are similarly situated when they have similar jobs and display similar conduct.'" *Hawn v. Executive Jet Management, Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010) (quoting *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). Here, Plaintiff asserts he was similarly situated to three other public works supervisors who received more favorable treatment. According to Plaintiff, he and the other public works supervisors engaged in similar conduct, but Plaintiff was the only one who was disciplined. For instance, Plaintiff testified at his deposition that another supervisor, Michael Armstrong, used language similar to that used by Plaintiff in his e-mail to Defendant Wammack, but Plaintiff was the only one who was reprimanded. (*See* Pl.'s Ex. 1 in Supp. of Opp'n to Mot., at 61-74.)[4] Plaintiff also testified that if white supervisors were late for a meeting, they were not written up, but when Plaintiff was late for a meeting, he was written up. (*Id.* at 107.) Plaintiff also testified that he was asked about his absence from an event, but a white supervisor was not asked about his absence from the same event. (*Id.* at 108-09.) More importantly, Plaintiff testified that other supervisors were allowed to keep personal objects in their offices, but Plaintiff was asked to remove the "camera" from his office. (*Id.* at 141, 224-25.) At a minimum, this evidence raises a genuine issue of material fact about whether Plaintiff received less

---

[4] Defendants object to the admission of Plaintiff's deposition testimony on the grounds it is hearsay. The Court overrules that objection. *See Orr v. Bank of America, NT & SA*, 285 F.3d 764, 779 n.27 (9th Cir. 2002) (stating deposition testimony is not hearsay when submitted in conjunction with summary judgment motion).

favorable treatment than other similarly situated employees. Defendants' argument that Plaintiff has failed to produce any evidence on this issue does not warrant summary judgment.

### 4. Retaliation

Finally, Plaintiff alleges a claim of retaliation. "To establish a prima facie case, the employee must show that he engaged in a protected activity, he was subsequently subjected to an adverse employment action, and that a causal link exists between the two." *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011). "If a plaintiff establishes a prima facie case of unlawful retaliation, the burden shifts to the defendant employer to offer evidence that the challenged action was taken for legitimate, non-discriminatory reasons." *Id.* "If the employer provides a legitimate explanation for the challenged decision, the plaintiff must show that the defendant's explanation is merely a pretext for impermissible discrimination." *Id.* Defendants here assert Plaintiff does not have evidence of causation or pretext.

On the issue of causation, Plaintiff asserts that the timing of his protected activity and the adverse employment action he suffered is evidence of causation. He alleges he engaged in protected activity by filing an employee grievance form on December 22, 2005. (*See* Defs.' Notice of Filing Exs. to Pl.'s Depo. in Supp. of Mot., Ex. 21.) However, according to Plaintiff, the adverse employment action predated the filing of his employee grievance form. (*See* Pl.'s Mem. of P. & A. in Supp. of Opp'n to Mot. at 21.) Indeed, Plaintiff asserts the adverse employment action began after Defendants Wammack and Heap were assigned to Plaintiff's department in July 2004. (*Id.*) Under this set of facts, Plaintiff has failed to produce any evidence of causation. Absent any such evidence, Defendants are entitled to summary judgment on Plaintiff's retaliation claim.[5]

## III.
## CONCLUSION

For these reasons, the Court grants in part and denies in part Defendants' motion for summary judgment. Specifically, the Court grants Defendant's motion as to Plaintiff's §§ 1981 and 1983 claims

---

[5] Absent evidence of causation, the Court declines to address whether Plaintiff has produced any evidence of pretext.

1  and Plaintiff's Title VII claims for harassment and retaliation.  The Court denies Defendants' motion

2  as to Plaintiff's Title VII claim for discrimination.

3      **IT IS SO ORDERED**.

4  DATED: March 8, 2011

                                            HON. DANA M. SABRAW
                                            United States District Judge